UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) Criminal # 22-CR-00379 (RDM) |
| CHRISTOPHER HAIRSTON | ) |
| Defendant | ) |

**MOTION TO DISMISS CASE**

**FOR PROSECUTORIAL IMPROPRIETIES**

COMES NOW Mr. Christopher Hairston, Defendant, by and through his Counsel, and respectfully moves this Honorable Court to dismiss the case for prosecutorial improprieties resulting in his being improperly detained for thirteen months. In support of this Motion, Defendant states as follows:

**Introduction**

1. That this matter was indicted by a federal Grand Jury on or about November 17, 2022, with a four-count indictment charging Mr. Hairston with Interference with Interstate Commerce by Robbery, pursuant to 18 U.S.C. § 1951 and related counts. Mr. Hairston was Arraigned on November 21, 2022. A Preliminary Hearing was held on November 28, 2022 and The Hon. Magistrate Judge Zia M. Faruqui found Probable Cause.

**The Facts**

2. On or about October 20, 2021 Mr. Christopher Hairston was Presented at the Superior Court of the District of Columbia on charges of (1) Assault with Intent to Kill While Armed, pursuant to D. C. Code § 22-401 and § 22-4502, and (2) Possession of a Firearm During Crime of Violence Or Dangerous Offense, pursuant to D. C. Code § 22-4504 (b).[1]  At the prosecutor's request, he was held without bond pursuant to D. C. Code § 23-1325 (a).

3. In a nutshell, this case involves an alleged sale of marijuana in a private taxicab that resulted in a shooting by the alleged purchaser. The two eyewitnesses to the shooting, namely the victim and the cab driver, both declined to identify Mr. Hairston as the shooter. The prosecution then got three unrelated individuals – two police officers and a private citizen to identify Mr. Hairston from a video taken by a camera inside the cab.

4. A Motion for Modification of Conditions of Release and Request for Hearing was filed by the defense on November 23, 2021.

5. A Preliminary Hearing was held on November 29, 2021 and The Hon. Michael O'Keefe found Probable Cause. The defense Motion for bond was denied.

6. The Court held Status Conferences on (1) January 20, 2022, (2) March 11, 2022, (3) July 22, 2022 and (4) October 28, 2022. Defense Motions for bond were raised and denied. During the early

---

[1] . Superior Court Case Number 2021-CF1-006001 was assigned to Mr. Hairston's case.

stages of the case, a pre-indictment plea offer was extended, and promptly rejected by Mr. Hairston.

7. On November 22, 2022 the prosecution filed a Notice of Nolle Prosequi. The case in the Superior Court for the District of Columbia was dismissed, and a Release Order was filed on November 23, 2022. However, two days earlier, Mr. Hairston had been Arraigned in this Court.

8. According to the District of Columbia Code § 23-102 if a Grand Jury has not indicted a defendant within nine months, the prosecution shall be deemed as abandoned, and the accused shall be set free or his bail discharged.[2]

9. This nine-month period for abandonment of prosecution has also been drafted as part of the Superior Court Rules of Criminal Procedure 48 (c).[3]

---

[2] . D. C. Code § 23-102 states as follows:

"If any person charged with a criminal offense shall have been committed or held to bail to await the action of the grand jury and within nine months thereafter the grand jury shall not have taken action on the case, either by ignoring the charge or by returning an indictment, the prosecution of such charge shall be deemed to have been abandoned and the accused shall be set free or his bail discharged, as the case may be: but, the court having jurisdiction to try the offense for which the person has been committed, when practicable and upon good cause shown in writing and upon due notice to the accused, may from time to time enlarge the time for the taking action in such case by the grand jury."

[3] . D. C. SCR 48 (c) states as follows:
"**(c) Abandonment of Prosecution.**
**(1) Determination of Abandonment.** If any defendant charged with a criminal offense is committed or held to bail to await the action of the grand jury and after nine months the grand jury has not taken action, either by ignoring the charge or by returning an indictment, the prosecution of such charge must be deemed abandoned and the defendant must be set free or have the bail discharged.
**(2) Enlargement of Time.** The court may enlarge the time for taking action by the grand jury when practicable, so long as good cause for enlargement is shown in writing, and due notice is given to the defendant."

10. Based upon information and belief, time was tolled by several Orders from the Chief Judge of the Superior Court due to the COVID-19 pandemic. The Hon. Robert Okun had calculated that the "nine-month" period would run out around January 15, 2023.

11. It should be noted that based upon information and belief, the prosecution was unable to obtain an indictment from a Superior Court Grand Jury. Further, traditionally, The Superior Court Grand Jury does not work after mid-December due to Holidays, and there would not be enough time to indict the case in early January. Effectively, the prosecution took nine months to seek an indictment against Mr. Hairston, and was unable to do so in Superior Court.

12. With time running out, the prosecution somehow managed to seek an indictment from a federal Grand Jury in this Court.

13. Regrettably for Mr. Hairston, he was detained in Superior Court for over thirteen months, and his several motions, written and oral, for bond were denied in that time frame. He was 21 years old when detained, and 22 years old when released by Court Order from Judge Okun.

14. Mr. Hairston challenges his arbitrary and capricious detention for 13+ months in Superior Court without an indictment.

**The Law**

15. The statutes, rules and case law in the Superior Court of the District of Columbia call from a Felony case to be treated as abandoned, and dismissed if not indicted in nine months. *See* D. C.

Code § 23-102, Rule 48 (c) and <u>Price v. United States</u>, 476 A.2d 644 (D.C. 1984).

16. Further, under District of Columbia law, "a speedy trial claim based upon a delay of more than one year has prima facie merit." <u>Adams v. United States</u>, 379 A.2d 961, 963 (D.C.1977). "The government then has the burden of explaining the reasons for the delay, which are weighted in the balancing test outlined by the Supreme Court in <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 33 L.Ed.2d 101, 92 S. Ct. 2182 (1972)" <u>Id</u>.

17. Mr. Hairston further argues that the prosecution in the Superior Court was vindictive because he rejected the Government's plea offer and insisted on his right to trial. The prosecution knowingly kept him detained for more than one year knowing that they were having trouble getting an indictment from the Grand Jury. *See* <u>United States v. Meadows</u>, 867 F.3d 1305, 432 U.S.App.D.C. 274 (2017).[4] The standard in *Meadows* is "whether a prosecutor's actions are designed to punish a defendant for asserting [his] legal rights." 867 F.2d at 1311-1312.

18. In discussing prosecutorial vindictiveness, our Court of Appeals has clearly stated that "… the doctrine precludes action by a prosecutor that is designed to penalize a defendant for invoking

---

[4] . Unfortunately, additional evidence of vindictiveness cannot be shown by the Defendant since he does not have access to Grand Jury transcripts in the Superior Court, since they are sealed. Given the failure of the Superior Court Grand Jury to indict Mr. Hairston, it is an open question whether the testimony offered before the Grand Jury may constitute disclosable *Brady* information

any legally protected right available to a defendant during a criminal prosecution." <u>United States v. Safavian</u>, 649 F.3d 688, 692 (D.C. Cir. 2011).[5]

19. The Safavian Court further stated that "[t]o get the benefit of the presumption, a defendant must show the prosecutor's action was 'more likely than not' attributable to vindictiveness." 649 F.3d at 692. [citations omitted.]

**Argument**

A. THE PROSECUTORS IN SUPERIOR COURT EFFECTIVELY VIOLATED THE "NINE-MONTH" RULE

20. This case was in the Superior Court for thirteen months. Since D. C. Code § 23-102 and SCR § 48 (c) both allow a Judge to enlarge the time, Counsel is not contesting the Chief Judge extending the time for COVID-19 related reasons. However, the nine months was going to expire in January, 2023, and the Grand Jury would be excused in mid-December 2022 for the holidays, the nine month time period had effectively run out.

21. Rather than allowing the nine-month to lapse, and letting the Clerk of the Superior Court automatically dismiss the case for reasons of abandonment, the prosecution simply moved the case to the federal court.

---

[5] . In *Safavian*, the Court stated the test as "A defendant may prove prosecutorial vindictiveness by submitting either (i) evidence of the prosecutor's actual vindictiveness or (ii) evidence sufficient to establish a 'realistic likelihood of vindictiveness' thereby raising a presumption the Government must rebut with objective evidence justifying its objections. 649 F.3d at 692. [citations omitted.]

22. This Court should not allow this kind of trickery and manipulation by the prosecution in the federal system.

B. *THE PROSECUTION IN SUPERIOR COURT WAS VINDICTIVE BECAUSE MR. HAIRSTON DECLINED TO ACCEPT THE GUILTY PLEA.*

23. Shortly after Presentment, Mr. Hairston was offered a plea to a mandatory minimum sentence in the case. Counsel's investigation quickly disclosed that the two eye-witnesses in this case, the Complainant and a cab driver, had both failed to identify Mr. Hairston as the alleged shooter. Mr. Hairston declined the plea offer quite fast.

24. It should be noted that in Superior Court Mr. Hairston was charged with two counts in the Information filed against him. However, in this Court, his Indictment has become a four-count indictment, with the new counts being Interference with Interstate Commerce by Robbery, pursuant to Title 18, United States Code Section 1951, and Assault with a Dangerous Weapon, pursuant to 22 D. C. Code Sections 402 and 4502. Indeed, the lead count before this Court is a new Count.

25. Like *Safavian*, Mr. Hairston argues that the addition of two extra counts in the indictment filed in this Court is a sign of prosecutorial vindictiveness. Therefore, the presumption of vindictiveness has been met by Mr. Hairston. 649 F.3d at 692-693. In this case, Mr. Hairston exercised his right to a Trial, and came close to getting his charges in the Superior Court dismissed by the Clerk based upon local rules dealing with a nine-month scenario. However, the

prosecution entered a *nolle prosequi* in Superior Court, after indicting the case in this Court.

WHEREFORE, Mr. Christopher Hairston, Defendant. respectfully seeks the dismissal of the charges in this matter for (1) the nine-month period effectively running out, or (2) on grounds of prosecutorial vindictiveness.

Respectfully Submitted,

*Atiq R. Ahmed*

_____
Atiq R. Ahmed, Esquire (#390419)
601 Pennsylvania Avenue, N. W.,
South Building, Suite 900
Washington D. C. 20004
V: (202) 710-4929
Counsel for Mr. C. Hairston

Dated this 6th day of January 2023.

**CERTIFICATE OF SERVICE**

I hereby certify that on this __6th__ day of January 2023 a copy of the foregoing pleading was to be sent by the Court's electronic system to the United States Attorney's Office.

*Atiq R. Ahmed*

_____
Atiq R. Ahmed, Esquire