## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 22-cr-379 (RDM)** |
| | **:** | |
| **CHRISTOPHER HAIRSTON** | **:** | |

### GOVERNMENT'S SENTENCING MEMORANDUM

On November 13, 2020, the defendant, unprovoked, robbed F.P. (hereafter, the "victim") at gunpoint, and after obtaining mere marijuana, gratuitously shot the victim at close range in the abdomen. Consequently, on April 12, 2023, defendant pled guilty, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), to one count of Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). For the reasons herein, the Government respectfully requests that the Court impose the agreed-upon sentence of 84 months of imprisonment to be followed by five years of Supervised Release.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 13, 2020, the victim arranged a marijuana sale via Instagram. That evening, a family friend picked up the victim in a taxi, and they traveled to Riggs Road in Northeast, Washington, D.C.  There, they met the defendant and others.  The victim attempted to complete the marijuana sale with the defendant, but the defendant claimed to not have enough money, necessitating his return home to get more.  To that end, the defendant traveled to the 800 block of Jefferson Street NE in his own vehicle while the victim traveled to the same location in the taxi.

Upon their arrival, the victim's family friend exited the taxi as the victim remained in the backseat of the taxi.  The taxi's interior dash-cam footage shows the defendant entering the driver's-side rear of the taxi and engaging the victim to complete the sale.  Abruptly, the defendant then pulled out a firearm and demanded the victim's bag containing marijuana valued at approximately $600 to $800, according to the victim.  The victim acceded to the defendant's demands and the defendant grabbed the bag from him.  The defendant then rifled through the victim's pockets while still pointing the firearm at the victim. Gratuitously, the defendant shot the victim once in the torso at close range—the bullet went through the victim's abdomen and pierced through the taxi's right rear passenger door. The defendant then exited the taxi, leaving the victim to suffer in the backseat.  The taxi driver drove the victim to Medstar Washington Hospital Center, where the victim received extensive treatment for his injuries and remained under the hospital's care for four months, fortunately surviving the defendant's gunfire.

On February 12, 2021, a D.C. Superior Court judge signed an arrest warrant for the defendant.  He was arrested several months later on October 19, 2021, and charged by complaint in D.C. Superior Court case number 2021 CF1 6001, where he remained detained pending indictment.

On November 17, 2022, a federal grand jury returned an indictment against the defendant, charging him with one count of Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951; one count of Discharging a Firearm

2

During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); one count of Assault with Intent to Kill While Armed, in violation of 22 D.C. Code §§ 401 and 4502; and one count of Assault with a Dangerous Weapon While Armed, in violation of 22 D.C. Code §§ 402 and 4502.

On May 2, 2023, in the instant case, the defendant pled guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to a superseding information charging him with Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3553(a), the court shall impose a sentence that is sufficient, but not greater than necessary, to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and to "provide the defendant with needed educational or vocational training." 18 U.S.C. § 3553(a)(2).  In addition, the Court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant;" the types of sentences available, the Sentencing Guidelines; any pertinent policy statements; the need to avoid unwarranted sentence disparities; and the need to provide restitution to any victims.  *Id.* § 3553(a).

## III.    GUIDELINES CALCULATION

The Government agrees that, because the defendant was convicted of a crime

3

that carries a seven-year mandatory minimum sentence of imprisonment, the Guidelines range is seven years of imprisonment, pursuant to U.S.S.G. § 2K2.4(b). The Government previously filed its objections to the PSR and does not have any additional objections.

## IV.   ARGUMENT

A seven-year sentence in this case is appropriate. This sentence balances the mitigating factor of the defendant's lack of criminal convictions with the severity and violence of his actions on November 13, 2020, that very well could have claimed a life over marijuana.  The Government's recommended sentence thus accounts for the defendant's shocking indifference to the value of human life, and is also designed to deter others, promote respect for the law, and fulfill the other purposes of sentencing.

### 1.   The Nature, Circumstances, and Seriousness of the Offense

The seriousness of the offense the defendant committed cannot be overstated. As the Court is well aware, our community has recently faced staggering levels of gun violence. D.C. saw over 200 homicides in each of 2021 and 2022, the highest level since 2003. *See* MPD, *District Crime Data at a Glance*.[1] About 82 percent of the 226 homicides in 2021 involved the use of a firearm. *See* MPD, *Annual Report 2021*, 27.[2] Moreover, many shootings in this community are driven, at least in part, by the drug trade, as is borne out by the facts of the instant case. What's more, the gratuitousness

---

[1] https://mpdc.dc.gov/node/197622
[2] https://mpdc.dc.gov/sites/default/files/dc/sites/mpdc/publication/attachments/AR_2021_FINAL_lowres.pdf

of the violence defendant introduced to the drug transaction on November 13, 2020—by robbing someone at gunpoint and then firing the weapon at close range with another person, the taxi driver, in the "zone of danger"—merits the Government's requested sentence.

### 2.    The Defendant's History and Characteristics

The Government acknowledges that the defendant has no prior criminal convictions, which the Government took into consideration in fashioning the plea offer and arriving at the agreed-upon sentence of 84 months' incarceration.  This sentence balances the severity of the defendant's actions with his lack of criminal history.

The defendant does, however, have a pending case in Prince George's County, Maryland, from October 4, 2021, involving the defendant's alleged possession of a 9mm Glock 45 with an extended clip that was loaded with 24 live rounds of ammunition; officers recovered this firearm from the vehicle that the defendant had been operating.

### 3.    The Need to Promote Respect for the Law and Deterrence

As noted above, the defendant's conduct occurred against the backdrop of violence ramping up in this city. Given the catastrophic impact of guns and drugs on our community, a substantial sentence in this case is warranted.  Some individuals take pride in and relish the illegal possession of firearms and their use in robberies, especially in the context of narcotics trafficking, either not understanding or fearing

the inevitable consequences. Individuals who engage in this behavior must understand that their conduct is unacceptable and not a reflection of the environment members of the D.C. community wish to inhabit. A seven-year sentence is designed to deter others from making the same choices the defendant made.

**4.    Other factors**

The Government's recommended sentence is also justified to protect the public from the defendant, whose actions on November 13, 2020, exhibited the danger he poses to the community. It would also give the defendant ample time to pursue further educational and vocational training and participate in other programs that will hopefully prevent him from reoffending.

**V.    CONCLUSION**

For the foregoing reasons, the Government recommends that the Court sentence the Defendant to seven years of incarceration (with credit for time served in the Superior Court case that gave rise to the instant case) to be followed by five years of Supervised Release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC Bar No. 481052

By:    */s/ Solomon S. Eppel*
SOLOMON S. EPPEL
Assistant United States Attorney
DC Bar No. 1046323
601 D Street, NW

Washington, DC 20530
(202) 252-6661
solomon.eppel@usdoj.gov

SITARA WITANACHCHI
Assistant United States Attorney
DC Bar No. 1023007
601 D Street, NW
Washington, DC 20530
(202) 252-2420
Sitara.witanachchi@usdoj.gov